**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 04-4110

_____

UNITED STATES OF AMERICA,

                                   Plaintiff - Appellee,

          versus

ANTHONY BLACKWOOD,

                                   Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Shelby.  Lacy H. Thornburg, District Judge.  (CR-96-53)

_____

Submitted:  August 3, 2005          Decided:  September 16, 2005

_____

Before MOTZ, TRAXLER, and GREGORY, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

_____

Tony E. Rollman, Asheville, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Thomas R. Ascik, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Anthony Blackwood was convicted by a jury in June 1997 of one count of conspiracy to manufacture, distribute, and possess with intent to distribute cocaine and cocaine base (crack), in violation of 21 U.S.C. § 846 (2000), and sentenced to 240 months imprisonment. Blackwood noted a timely appeal but, because the transcript of his sentencing hearing was lost, this court granted Blackwood's motion to remand for resentencing. In January 2004, the district court held a new sentencing hearing and resentenced Blackwood to 240 months imprisonment but granted the Government's Fed. R. Crim. P. 35 motion, resulting in a 180-month sentence. Blackwood has noted a timely appeal.

Blackwood's attorney filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), addressing whether the district court improperly applied a two-level enhancement for obstruction of justice, U.S. Sentencing Guidelines Manual § 3C1.1 (2000). We granted counsel's motion to file a supplemental brief addressing whether the enhancement violated United States v. Booker, 125 S. Ct. 738 (2005). Blackwood has filed a supplemental pro se brief in which he also claims that: (1) the district court erred in applying the two-level enhancement for his role in the offense, USSG § 3B1.1 (2000); (2) the prosecutor made improper remarks during opening and closing arguments; and (3) he was denied effective assistance of counsel at resentencing. For the reasons

that follow, we affirm Blackwood's conviction but vacate his sentence and remand for resentencing.

At sentencing, and over his objection, Blackwood received a two-level enhancement for his role in the offense, pursuant to USSG § 3B1.1(c). Blackwood also received a two-level enhancement for obstruction of justice, USSG § 3C1.1, based on the district court's finding that Blackwood testified falsely that he was mistreated, coerced, and threatened by law enforcement personnel. Blackwood's base offense level was determined to be 34.[1] After applying the two, two-level enhancements referenced above, Blackwood's total offense level was 38; with a criminal history category of I, the resulting guidelines range was 235-293 months imprisonment. Without those enhancements, the applicable range would have been 151-188 months imprisonment.

Blackwood claims, in his supplemental briefs, that the enhancements he received for his role in the offense and for obstruction of justice violated the decision announced by the Supreme Court in Booker. Because Blackwood did not raise this issue at sentencing, his argument is reviewed for plain error. United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005) (citing United States v. Olano, 507 U.S. 725, 731-32 (1993)).

---

[1]Blackwood does not challenge the quantity of drugs used to determine his base offense level of 34.

The Supreme Court held in <u>Booker</u>, 125 S. Ct. at 746, 750, that the mandatory manner in which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. The Court remedied the constitutional violation by severing two statutory provisions, 18 U.S.C. § 3553(b)(1) (2000) (requiring courts to impose a sentence within the applicable guideline range), and 18 U.S.C. § 3742(e) (2000) (setting forth appellate standards of review for guideline issues), thereby making the guidelines advisory. <u>Hughes</u>, 401 F.3d at 546 (citing <u>Booker</u>, 125 S. Ct. at 756-57).

After <u>Booker</u>, courts must calculate the appropriate guideline range, consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C. § 3553(a), and impose a sentence. If a district court imposes a sentence outside the guideline range, the court must state its reasons for doing so. <u>Id.</u> This remedial scheme applies to any sentence imposed under the mandatory guidelines, regardless of whether or not the sentence violates the Sixth Amendment. <u>Id.</u> at 547. (citing <u>Booker</u>, 125 S. Ct. at 769).

In this case, the district court increased Blackwood's base offense level from 34 to 38 after finding, by a preponderance of the evidence, that his conduct met the requirements of both §§ 3B1.1 and 3C1.1. With these enhancements, Blackwood's

- 4 -

sentencing range increased from 151-188 months to 235-293 months. Accordingly, because the enhancement occurred under a mandatory guidelines scheme, the district court committed plain error that warrants correction. Hughes, 401 F.3d at 547-56.[2] Therefore, we vacate Blackwood's sentence and remand for resentencing.

Blackwood also claims in his supplemental pro se brief that the prosecutor made improper comments during opening and closing arguments. Because the transcript of Blackwood's trial does not include the attorneys' opening or closing arguments, we have assumed that Blackwood's characterization of those comments is accurate. According to Blackwood, the prosecutor stated that: (1) "there is a habitual drug dealer in this courtroom today," (2) Blackwood "presents greater danger to the public and/or is more likely to strike repeatedly," (3) Blackwood was charged with drug offenses in other states, (4) Blackwood's actions were "vicious," and (5) Blackwood was a deportable alien. Also, Blackwood claims that the prosecutor "mischaracterized Blackwood's description of his experience in the hands of the police as utterly wicked."

A claim of prosecutorial misconduct is reviewed to determine whether the conduct complained of so infected the trial

---

[2]Just as we noted in Hughes, 401 F.3d at 545 n.4, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Blackwood's sentencing. See generally Johnson v. United States, 520 U.S. 461, 468 (1997) (stating that an error is "plain" if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal").

with unfairness as to make the resulting conviction a denial of due process. United States v. Scheetz, 293 F.3d 175, 185 (4th Cir. 2002). To prevail under this standard, Blackwood must show that "the prosecutor's remarks or conduct were improper and, second . . . that such remarks or conduct prejudicially affected his substantial rights" so as to deprive him of a fair trial. Id. Whether prejudice exists is in turn established by the following: (1) the degree to which the prosecutor's remarks had a tendency to mislead the jury; (2) whether the remarks were isolated or extensive; (3) the strength of competent proof introduced to establish defendant's guilt; (4) whether the prosecutor's remarks were invited by the improper conduct of defense counsel; and (6) whether curative instructions were given. Id. at 186. No one factor is dispositive. United States v. Wilson, 135 F.3d 291, 299 (4th Cir. 1998).

Because Blackwood's claims were not preserved at trial, the standard is modified to the degree that he must demonstrate plain error. Olano, 507 U.S. at 732-34. We find that Blackwood cannot establish error, let alone plain error. Even assuming the accuracy of Blackwood's description of the statements made by the prosecutor, none of the comments alone or in combination established the requisite level of prejudice. According to Blackwood, the statements were isolated comments made only in closing and/or opening arguments. The court properly instructed

the jury to consider as evidence only the testimony of witnesses who were called to testify and the exhibits which were admitted into evidence. The jury is presumed to follow the instructions provided them. United States v. Francisco, 35 F.3d 116, 119 (4th Cir. 1994). Moreover, "it is undisputed that closing argument is not merely a time for recitation of uncontroverted facts, but rather the prosecution may make fair inferences from the evidence." Id. at 120. See also United States v. Brainard, 690 F.2d 1117, 1122 (4th Cir. 1982) (stating that closing arguments may include reasonable inferences from the evidence). Accordingly, Blackwood cannot show prosecutorial misconduct.

Blackwood also argues that he was denied effective assistance of counsel during his resentencing and appeal. Ineffective assistance claims are not generally addressed on direct appeal unless it appears conclusively from the record that the appellant received ineffective assistance of counsel. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). Because the record does not conclusively establish counsel's ineffectiveness, we conclude that Blackwood's claims must be brought, if at all, in a proceeding under 28 U.S.C. § 2255 (2000).

As required by Anders, we have reviewed the entire record and have found no other meritorious issues for appeal. We therefore affirm Blackwood's conviction; we vacate his sentence and

remand for resentencing consistent with <u>Booker</u> and <u>Hughes</u>.[3]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART,</u>
<u>AND REMANDED</u>

---

[3]We grant the Government's unopposed motion to remand.  We deny Blackwood's motion to withdraw the <u>Anders</u> brief.